**UNITED STATES DISTRICT COURT**     Civil Action
**EASTERN DISTRICT OF LOUISIANA**

**SHEILA ROGERS and STEVEN ROGERS**

                                                                                    **JUDGE:**

**VERSUS**

**ORLEANS PARISH SHERIFF OFFICE and**

**LT. L ARMWOOD**

                                                      **MAGISTRATE:**

                                     **JURY TRIAL REQUESTED**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **TABLE OF CONTENTS**

|   | **Page** |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 3 |
| JURISDICTION OF VENUE | 4 |
| FACTUAL ALLEGATIONS | 5 |
| STATEMENT FOR RELIEF | 10 |
| CAUSE OF ACTION | 12 |
| PRAYER FOR RELIEF | 16 |

## COMPLAINT

Now comes unto court, Plaintiffs, SHEILA ROGERS and STEVEN ROGERS through undersigned counsel, JP Gorham, for their complaint against ORLEANS PARISH SHERIFF OFFICE who alleges as follows:

## NATURE OF ACTION

This action arises under the United States Constitution. Specifically the action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et. seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq. and 42 U.S.C. 12112, under Title V of the Americans with Disabilities Act of 1990, *Retaliation* 42 U.S.C. §12203(a), et seq. and *Interference* 42 U.S.C. §12203(b), et seq.; in addition to several state law causes of action.

This action also arises in violation of the Louisiana State Constitution, specifically Article 1:12 and under the Louisiana Employment Discrimination Law pursuant to Louisiana Revised Statute *23:323 et seq.* and Louisiana Revised Statute 23:967.

Additionally, the action is brought under the general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana Courts.

1.      Defendant's actionable conduct results from an action of disability discrimination in violation of the Americans with Disabilities Act of 1990 and the retaliatory and intimidating actions resulting there from.

## PARTIES

2.      The **PLAINTIFF, SHEILA ROGERS,** is and was at all times, a resident of the United States and was at the time of all allegations set forth herein, a resident of Harvey, Louisiana and a resident of the parish of Jefferson, in the State of Louisiana. **PLAINTIFF, SHEILA ROGERS** has since relocated and is now a resident of Gulfport, Mississippi and a resident of the county of Harrison. All actions committed against the **PLAINTIFF, SHEILA ROGERS** and alleged herein were conducted in Orleans Parish, Louisiana.

3.      The **PLAINTIFF, STEVEN ROGERS,** is and was at all times, a resident of the United States and was at the time of all allegations set forth herein, a resident of Harvey, Louisiana and a resident of the parish of Jefferson, in the State of Louisiana. **PLAINTIFF, STEVEN ROGERS** has since relocated and is now a resident of Gulfport, Mississippi and a resident of the county of Harrison. All actions committed against the **PLAINTIFF, STEVEN ROGERS** and alleged herein were conducted in Orleans Parish, Louisiana.

4.     The **DEFENDANT, ORLEANS PARISH SHERRIFF OFFICE,** is a law enforcement agency in the parish of ORLEANS with its domicile at 2800 Perdido Street New Orleans, LA 70119 in the State of Louisiana.

5.     The **DEFENDANT,** LT. L ARMWOOD is of a majority age and a citizen of the State of Louisiana and was at the times of all of the allegations set forth herein employed at the **ORLEANS PARISH SHERRIFF OFFICE.**

## JURISDICTION AND VENUE

6.     Jurisdiction of this matter is based upon diversity jurisdiction under 28 U.S. Code § 1332 because this dispute is between parties of different states.

7.     Jurisdiction is also based upon federal question under 28 U.S. Code § 1331 because this action has arisen under the laws of the United States pursuant to 42 U.S.C. §12101 et. seq., 42 U.S.C. 12111, U.S.C. §12203(a), et seq., 42 U.S.C. §12203(b), et seq. and Title I and V of the Americans with Disabilities Act of 1990 and the matter in controversy, exclusive of interest and cost exceeds the sum of $75,000.

8.     Supplemental jurisdiction is conferred upon this court over the state law claims pursuant to 28 U.S.C.§ 1367(a).

9.     Jurisdiction and venue are proper considering that the incident which is the subject of this complaint occurred within this judicial district. Specifically, all acts and omissions, against Plaintiff Sheila Rogers were committed by the Defendants complained of herein, in Orleans, Louisiana.

8.     Said and named Defendants are justly and truly indebted to the Plaintiff, Sheila Rogers.

## **FACTUAL ALLEGATIONS**

10.    On or about April or May of 2015, MRS. SHEILA ROGERS (herein known as MRS. ROGERS) began employment with ORLEANS PARISH SHERIFF OFFICE (herein known as OPSO) as a civilian.

11.    Upon hire for employment with OPSO, MRS. ROGERS provided documentation of a prior and established disability to her new employer including the accommodations she would require.

12.    Specifically, MRS. ROGERS' treating physician had ordered that she be restricted to daytime driving only, due an eye disease she is diagnosed with and which is prone to blurred vision and causing sensitivity to light and glare.

13.    As a result of her disability, MRS. ROGERS was allowed to arrive at work approximately an hour or so late since she was unable to drive before sunrise due to her disability. Moreover, MRS. ROGERS was allowed to leave work an hour or so early, before sunset to ensure that she made it home before dark, as per her physician's orders.

14.    Initially, MRS. ROGERS had no problems with her employer accommodating her disability.

15.    Moreover, during her employment with the OPSO, MRS. ROGERS never received any write-ups or any verbal warnings concerning any poor performance

issues or any other work related disciplinary matters, until sometime in 2020, when she was assigned a new supervisor, Ms. LT. L Armwood.

16. During this time MRS. ROGERS became subjected to multiple incidences of discrimination based on her disability as well as being subjected to unwarranted reprimands, retaliation, intimidation, and a hostile working environment.

17. Specifically, MRS. ROGERS was written up for allegedly being late, despite the fact that this was a part of her accommodation for her disability. MRS. ROGERS was never more than an hour or so late as per her previously agreed accommodation with OPSO.

18. Consequently, MRS. ROGERS informed Ms. LT. L Armwood of her disability and the accommodations relevant to the same.

19. Moreover, Captain Henry informed MRS. ROGERS that he had spoken to Ms. LT. L Armwood and informed of her of the same; nevertheless, Ms. LT. L Armwood subsequently wrote MRS. ROGERS up a second time for being allegedly late.

20. Accordingly, Ms. LT. L Armwood disregarded the aforementioned and expressed that it is policy to be on time for a shift.

21. Consequently, when MRS. ROGERS requested a copy of the write up, Ms. LT. L Armwood refused to adhere to this request.

22. Additionally, MRS. ROGERS was allowed to use a key lock instead of a combination lock on her assigned locker to accommodate her disability. On three separate occasions, MRS. ROGERS' key lock was cut from her locker and she was advised that such a lock was in violation of company policy.

23. Sometime in 2021, MRS. ROGERS was allegedly late again, according to Ms. LT. L Armwood. Consequently, MRS. ROGERS was assigned to another department for which MRS. ROGERS had not been trained.

24. Another time MRS. ROGERS was penalized again for her arrival time at work. On this occasion, Ms. LT. L Armwood approached MRS. ROGERS upon arrival and informed her that someone else was working in her area so she would be assigned to the booking area. Subsequently, Ms. LT. L Armwood arbitrarily decided to release an inmate who had been previously locked up and characterized as violent and out of control, in the same area where she had assigned MRS. ROGERS to work.

25. Accordingly, as result of this inmate being released out of his cell, MRS. ROGERS' and others safety were put in danger as the inmate immediately began charging towards MRS. ROGERS in a violent and aggressive manner and attempting to jump over the desk positioned between MRS. ROGERS and the inmate.

26. MRS. ROGERS heard Segant Tao express that he did not know why Ms. LT. L Armwood released the inmate in the first place because the inmate had been locked in a cell for exactly that reason— he was out of control.

27. MRS. ROGERS feared for her safety and life during this incident; however, her concerns were never addressed.

28. Subsequently, MRS. ROGERS was written up again for failing to properly fill out an inmate intake form. Accordingly, this was a policy that MRS. ROGERS later learned had been changed on days before her write up. However, neither MRS. ROGERS nor any other like employee were ever informed of the policy change and were all filling the intake forms out the same way.

29. Upon information and belief, the other employees were never written up or otherwise disciplined for improperly filling out the aforementioned forms incorrectly, even though they were filling them out the same way as MRS. ROGERS.

30. Consequently, in March of 2021, MRS. ROGERS wrote a letter to her superiors and to human resources, expressing her concerns that she believed that she was being discriminated and retaliated against because of her disability and that LT. L Armwood was creating an intimidating and hostile working environment. However, MRS. ROGERS' complaint was never addressed.

31. Subsequently, on or about May 21, 2021, MRS. ROGERS filed a charge with the Equal Employment Opportunity Commission (EEOC), expressing the same.

32. Sometime after that, in November of 2021, MRS. ROGERS went on leave due to her disability and was informed while she was out on leave that her health insurance through OPSP had been cancelled. MRS. ROGERS believes that this insurance cancellation was done in retaliation of her filing her EEOC charge and because of her disability.

33. Moreover, MRS. ROGERS received multiple correspondences that the OPSO was not responding nor cooperating with the EEOC's requests.

34. MR. ROGERS, prior to her disability leave of absence and during the midst of the aforementioned discriminatory, intimidating, and retaliatory incidences alleged herein, went out on leave of absence due to stress as recommended by her physician. Consequently, the discriminatory, retaliatory, intimidating treatment and hostile working environment created by Defendants has caused MRS. ROGERS to suffer severe emotional distress.

35. MRS. ROGERS and her husband MR. ROGERS, as a result of Defendants' illegal actions, have suffered loss of consortium.

36. All exhaustive remedies have been satisfied as they relate to the allegations in this complaint. Specifically, MRS. ROGERS timely filed a complaint with the EEOC asserting all claims alleged herein on May 21, 2021.

37. A right to sue letter was sent out on September 16, 2022. MRS. ROGERS files this complaint with the delays allowed by law.

## STATEMENT OF RELIEF

## FEDERAL CLAIMS

## COUNT I

## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C.§ 12101 ET. SEQ and 42 U.S.C.§ 12112.

1. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

2. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

3. Defendants' conduct alleged above constitutes discrimination based on disability discrimination in violation of the Americans with Disability Act of 1990. MRS. ROGERS was treated cruelly and unfairly on the basis of SHEILA ROGERS having a disability.

## COUNT II

## RETALIATION AGAINST SHEILA ROGERS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C. § 12203(a).

4.   The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

5.   No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

6.   Defendants' conduct alleged above constitutes retaliation based on disability discrimination in violation of the ADA.

## COUNT III

## INTERFERENCE AGAINST SHEILA ROGERS IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACE 42 U.S.C. § 12203(b).

7.   The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

8.   It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

9.   Defendants' conduct alleged above constitutes interference and intimidation based on disability discrimination in violation of the ADA.

## STATE CAUSES OF ACTION

## COUNT IV

## LOUISIANA EMPLOYMENT DISCRIMINATION LAW PURSUANT TO LOUISIANA R.S. 23:323 ET SEQ.)

10. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

11. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

(1) Fail or refuse to hire, promote, or reasonably accommodate an otherwise qualified person with a disability on the basis of a disability, when it is unrelated to the individual's ability, with reasonable accommodation, to perform the duties of a particular job or position.

(2) Discharge or otherwise discriminate against an otherwise qualified person with a disability with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position.

(3) Limit, segregate, or classify an otherwise qualified person with a disability in a way which deprives the individual of employment opportunities or otherwise adversely affects the status of the individual on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position.

(4) Fail or refuse to hire or to promote an otherwise qualified person with a disability on the basis of physical or mental examinations or preemployment interviews that are not directly related to the requirements of the specific job, or which are not required of all employees or applicants.

(5) Discharge or take other discriminatory action against an otherwise qualified person with a disability on the basis of physical or mental examinations or preemployment interviews that are not directly related to the requirements of the specific job, or are not required of all employees or applicants.

(6) Fail or refuse to hire or to promote an otherwise qualified person with a disability when adaptive devices or aids may need to be utilized to enable that individual, at the individual's own expense, to perform the specific requirements of the job.

(7) Discharge or take other discriminatory action against an otherwise qualified person with a disability when adaptive devices or aids may need to be utilized to enable that individual, at the individual's own expense, to perform the specific requirements of the job.

(8) Make or use a written or oral inquiry or form of application that elicits, or attempts to elicit, information concerning the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

(9) Make or keep a record of information, or disclose information, concerning the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

(10) Make or use a written or oral inquiry or form of application that expresses a preference, limitation, or specification based on the disability of a prospective employee for discriminatory purposes contrary to the provisions or purposes of this Part.

12. Defendants' conduct alleged above constitutes employment discrimination based on disability in violation of the **LOUISIANA R.S. 23:323 ET SEQ**.

## COUNT V

## REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES IN RETALIATION AGAINST SHEILA ROGERS, LOUISIANA WHISTLEBLOWER LAW LA REVISED STATUTE 23:967, ET SEQ

13. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

14. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:

    (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law; or

    (2) Objects to or refuses to participate in an employment act or practice that is in violation of law.

15. Defendants' conduct alleged above constitutes retaliation and reprisal, in violation of Louisiana Whistleblower Law Revised Statute 23:967, against SHEILA ROGERS.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTION DISTRESS
## LOUISIANA CIVIL CODE ARTICLE 2315

16. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

17. Defendants' conduct, as set forth above, has been reckless, extreme and outrageous, beyond all possible bounds of human decency, and utterly

intolerable in a legal and civilized society and work environment. SHEILA ROGERS has suffered and continues to suffer severe emotional distress as a result of Defendants' extreme, outrageous and reckless conduct, and Defendants' desired to inflict severe and deliberating emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

18. Defendants' actions have caused SHEILA ROGERS to suffer mental and emotional distress, entitling her to compensatory damages pursuant to Title I and V of the Americans with Disabilities Act of 1990 and other discriminatory federal and state laws.

## COUNT VII

## LOUISIANA CIVIL CODE ARTICLE 2320

19. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

20. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

21. OPSO is answerable for the damages occasioned by its employees, in the exercise of the functions in which they are employed and sustained by SHEILA ROGERS.

## DEMAND FOR PUNITIVE DAMAGES

22. Plaintiff is entitled to an award of punitive damages against Defendants'for its knowing, intentional, malicious acts, or in the alternative, for its outrageous and reckless disregard of, and indifference to, the rights of MRS. SHEILA ROGERS.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

23. MRS. SHEILA ROGERS is entitled to an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that upon a trial hereof they be granted judgment against all named Defendants as follows:

A. Damages as allowed on each claim for relief and cause of action in an amount equal to their damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction according to proof at the time of trial;

B. Punitive, Compensatory and exemplary damages;

C. All together with any interest, pre- and post-judgment, costs and disbursements; and attorney fees

D. Such other and further relief available under the law and this Court deems just and proper.

**FURTHER**, Plaintiffs pray that the exact nature and extent of Plaintiffs' damages have yet to be calculated, and Plaintiffs will seek leave of Court to amend this complaint to conform to proof at the time of trial.

**FURTHER**, Plaintiff prays that a jury trial is granted in this matter.

*/s/JP Gorham*

_____

JP Gorham (Bar # 31746)
**JP Gorham Attorney At Law LLC**
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct
jpgorham@gorhamlawfirm.com