# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHEILA ROGERS,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5303** |
| **ORLEANS PARISH SHERIFF OFFICE,** *et al.* | **SECTION: P (2)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendant the Orleans Parish Sheriff's Office ("OPSO").[1] Plaintiffs Shiela and Steven Rogers (together, "Plaintiffs") respond in opposition,[2] and OPSO replies in further support of its motion.[3] Also before the Court is a Rule 12(b)(6) motion to dismiss filed by defendant Latoya Armwood ("Armwood"),[4] to which Plaintiffs respond in opposition,[5] and Armwood replies in further support of her motion.[6] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order and Reasons granting both motions.

## I.    BACKGROUND

This case concerns claims of disability discrimination and intentional infliction of emotional distress.[7] Plaintiffs allege that Mrs. Rogers began working for OPSO (as a civilian) in the spring of 2015.[8] When she was hired, Mrs. Rogers provided to OPSO documentation of her

---

[1] R. Doc. 8.
[2] R. Doc. 11.
[3] R. Doc. 18.
[4] R. Doc. 22.
[5] R. Doc. 26.
[6] R. Doc. 30.
[7] R. Doc. 1 at 1–17.
[8] *Id.* at 5.

vision impairment disability that caused sensitivity to light and glare and resulted in her treating physician restricting her to daytime driving.[9]   OPSO offered Mrs. Rogers the reasonable accommodation of arriving at, and leaving from, work during daylight hours.[10]   According to Plaintiffs, the accommodation worked as intended, without incident, until sometime in 2020, when Armwood was assigned as Mrs. Roger's supervisor.[11]

Plaintiffs allege that Armwood refused to accept Mrs. Roger's accommodation, writing her up for being late on multiple occasions, allowing the lock to be cut off of Mrs. Roger's locker, and writing her up for improperly filling out forms.[12]   Further, Plaintiffs allege that, on one occasion, Armwood penalized Mrs. Rogers for arriving late by assigning her to the booking area and releasing a violent and out-of-control inmate in that area, which put Mrs. Rogers in fear for her safety.[13]   In May 2021, Mrs. Rogers filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation, and stating that Armwood was creating an intimidation and hostile work environment.[14]   In November 2021, Mrs. Rogers took disability leave and her health insurance was canceled, which she believes was in retaliation for her filing an EEOC charge and also for her disability.[15]

On September 16, 2022, the EEOC sent Mrs. Rogers a right-to-sue letter.[16]   Subsequently, on December 15, 2022, Plaintiffs filed this suit against OPSO and Armwood alleging claims under (a) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (Counts I, II, and III); (b) Louisiana employment discrimination law ("LEDL"), La. R.S. 23:323, *et seq.* (Count IV); (c)

---

[9] *Id.*
[10] *Id.*
[11] *Id.* at 5–6.
[12] *Id.* at 6–8.
[13] *Id.*
[14] *Id.* at 8–9.
[15] *Id.* at 9.
[16] *Id.* at 10.

Louisiana whistleblower law, La. R.S. 23:967, *et seq.* (Count V); and (d) Louisiana tort law for intentional infliction of emotional distress (Count VI).[17]   Plaintiffs also bring a claim for Mr. Roger's loss of consortium,[18] and contend that OPSO is vicariously liable for Armwood's actions.[19]   Defendants OPSO and Armwood now move to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[20]

## II.   LAW & ANALYSIS

### A.   Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[21]   A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]   A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[23]   The court need not, however, accept as true legal conclusions couched as factual allegations.[24]   To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[25]   If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[26]   The court's review is limited to the complaint and any

---

[17] *Id.* at 10–15.
[18] *Id.* at 9.
[19] *Id.* at 15.
[20] R. Docs. 8; 22.
[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[22] *Id.*
[23] *Lormand v. U.S. Unwired, Inc.*, 565 F. 3d 228, 232 (5th Cir. 2009).
[24] *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.
[25] *Id.*
[26] *Lormand*, 565 F.3d at 255–57.

documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[27]

### B. OPSO's Motion to Dismiss (R. Doc. 8)

OPSO argues that Plaintiffs' claims against it must be dismissed because it is not a legal entity with the capacity to be sued.[28]  In opposition, Plaintiffs argue that the Court should construe their claims against OPSO as being made against the proper party, Sheriff Susan A. Huston, in her official capacity.[29]  Alternatively, Plaintiffs contend that they should be permitted to amend their complaint to name Sheriff Huston as the proper defendant.[30]  In reply, OPSO reiterates that it is not the proper defendant, and agrees that Plaintiffs should amend their complaint to name Sheriff Huston, in her official capacity.[31]

Louisiana does not afford legal status to a parish sheriff's department such that a department can sue or be sued.[32]  Rather, the law reserves that status for the sheriff as the constitutionally designated chief law officer of the parish.[33]  Accordingly, because the OPSO is not an entity capable of being sued, all claims against OPSO shall be dismissed with prejudice.[34]  However, in the interest of justice, Plaintiffs may amend their complaint to name Sheriff Huston, in her official capacity, as the proper defendant.

---

[27] *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496, 498 (5th Cir. 2000).
[28] R. Doc. 8-1 at 1–4.
[29] R. Doc. 11 at 1–4.
[30] *Id.* at 5.
[31] R. Doc. 18 at 1–4.
[32] *Valentine v. Bonneville Ins. Co.*, 96-1382 (La. 3/17/97), 691 So.2d 665, 668; *Cozzo v. Tangipahoa Par. Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002).
[33] *Valentine*, 691 So. 2d at 688; *Cozzo*, 279 F. 3d at 283.
[34] *See Jackson v. Gautreaux*, No. 19-149, 2022 WL 717079, at *6 (M.D. La. Mar. 9, 2022) (dismissing claims against "the East Baton Rouge Sheriff's Office" with prejudice on the same basis).

### C. Armwood's Motion to Dismiss (R. Doc. 22)

#### 1. Plaintiffs' ADA, LEDL, and whistleblower claims against Armwood

Armwood moves to dismiss arguing that Plaintiffs' ADA, LEDL, and whistleblower claims against her should be dismissed because she was not Mrs. Rogers's "employer," as that term is defined by these laws.[35]   In opposition, Plaintiffs argue that their ADA, LEDL, and whistleblower claims against Armwood should not be dismissed because Armwood, who was empowered to take tangible employment actions against Mrs. Rogers, was Mrs. Roger's supervisor for purposes of vicarious liability.[36]   In reply, Armwood argues that, although Sheriff Huston can be held vicariously liable for Armwood's actions as a supervisor, Armwood herself cannot be held liable in her individual capacity.[37]

The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person."[38]   The ADA's definition of "employer'" is essentially identical to the definition contained within Title VII.[39]   And courts interpret the ADA consistent with Title VII's provisions.[40]   Whereas "Title VII defines 'employer' to include any agent of the employer, the Fifth Circuit does not interpret the statute to impose individual liability on the agent."[41]   In fact, the Fifth Circuit has explicitly stated that "relief under Title VII is available ***only*** against an employer, not an individual supervisor or fellow employee."[42]   District

---

[35] R. Doc. 22-1 at 3–6.

[36] R. Doc. 26 at 3.

[37] R. Doc. 30 at 2-3.

[38] 42 U.S.C. § 12111(5)(A).

[39] *See* 42 U.S.C. § 2000e(b).

[40] *See, e.g., Brewer v. Lavoi Corp.*, No. 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014)."), *rec. accepted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019).

[41] *Minnis v. Bd. of Sup'rs of La. State Univ. & Agric. & Mech. Coll.*, 972 F. Supp. 2d 878, 888 (M.D. La. 2013) (emphasis added) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)).

[42] *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (2003) (emphasis added).

courts within the Fifth Circuit have similarly concluded that there is no individual liability under the ADA.[43]  Accordingly, Plaintiffs' ADA claims against Armwood (Counts I, II, and III) must be dismissed with prejudice.

Similarly, the LEDL applies only to an "employer" that receives the employee's services and is responsible for paying the employee.[44]  And, because the Louisiana whistleblower law does not define "employer," courts apply the LEDL's definition of "employer" to claims brought under that statute.[45]  Armwood, an employee of the OPSO, was not Mrs. Rogers's employer under the LEDL or Louisiana whistleblower law, consequently, Plaintiffs' LEDL and Louisiana whistleblower claims against Armwood (Counts IV and V) must be dismissed with prejudice.[46]

### 2. Plaintiffs' IIED claim against Armwood

Armwood argues that Plaintiffs' IIED claim is subject to dismissal as prescribed because the last act alleged occurred in November 2021, and the complaint was filed more than a year later on December 15, 2022.[47]  She also argues that Plaintiffs' allegations are insufficient to raise a valid IIED claim.[48]  In opposition, Plaintiffs argue that the continuing-tort doctrine applies to the IIED claim, and the last harassing act occurred in February 2022, when Mrs. Rogers was forced to resign due to Armwood's behavior.[49]  Plaintiffs also contend that they have alleged sufficient facts to state an IIED claim.[50]

---

[43] *Franklin v. City of Slidell*, 928 F. Supp. 2d 874, 882 (E.D. La. 2013) (collecting cases).

[44] *See* LA. REV. STAT. § 23:323 ("An employer . . . shall not engage in any of the following practices . . ."); LA. REV. STAT. § 23:302(2) (defining "employer").

[45] *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 691 n.2 (W.D. La. 2011) (collecting cases).

[46] *See Bowie v. Hodge*, 2021 WL 53312, at *8 (E.D. La. Jan. 6, 2021) (dismissing LEDL claims against individual defendants employed by OPSO).

[47] R. Docs. 22-1 at 7; 30 at 4–5.

[48] R. Docs. 22-1 at 7–10; 30 at 5–7.

[49] R. Doc. 26 at 3–5.

[50] *Id.* at 5–6.

Pretermitting whether the IIED claim has prescribed, Plaintiffs have not alleged enough facts to state such a claim.  To prove IIED in Louisiana, a plaintiff must show: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct."[51]   Extreme and outrageous conduct is that which exceeds "all possible bounds of decency" and is "regarded as atrocious and utterly intolerable in a civilized community."[52]  "Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities."[53]   And, workplace disciplinary actions are not ordinarily actionable.[54]  Additionally, "[t]he conduct must be intended or calculated to cause severe emotional distress and not just some lesser degree of fright, humiliation, embarrassment, worry, or the like."[55]

Here, Plaintiffs allege that Mrs. Rogers was subjected to disciplinary actions, the cutting of her lock, an irate inmate, and the cancellation of her insurance when she was on leave.  These allegations are insufficient to state a claim for IIED as they do not allege an accumulation of extreme conduct.[56]  Although Plaintiffs include a few more supposedly harassing action in their opposition memorandum – inappropriate jokes and insults – those  instances cannot be considered by the Court on a motion to dismiss.[57]  As such, Plaintiffs' IIED claim must be dismissed without

---

[51] *White v. Monsanto Co.*, 585 So. 2d 1205, 1209 (La. 1991).

[52] *Id.*

[53] *Id.*

[54] *Id.* at 1210.

[55] *Id.*

[56] *See Slaughter v. Toores*, 592 F. Supp. 3d 515, 529 (M.D. La. 2022) (plaintiff did not allege IIED claim when his employer accused him of payroll fraud leading to arrest); *Martin v. Am. Midstream Partners, LP*, 386 F. Supp. 3d 733 (E.D. La. 2019) (noose in bathroom insufficient to allege IIED); *Broussard v. Jazz Casino Co. LLC*, 193 F. Supp. 3d 661, 663 (E.D. La. 2016) (age discrimination and comments about age and poor hearing insufficient to raise IIED claim).

[57] *Collins*, 224 F. 3d at 498.

prejudice.  Further, because Mrs. Roger's claims against Armwood have been dismissed, Mr.

Rogers cannot assert any derivative claim for his loss of consortium.[58]

## III.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that OPSO's motion to dismiss (R. Doc. 8) is **GRANTED**, and

Plaintiffs' claims against OPSO are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Armwood's motion to dismiss (R. Doc. 22) is

**GRANTED**.   Plaintiffs' ADA, LEDL, and whistleblower claims against Armwood are

**DISMISSED WITH PREJUDICE**.  Plaintiffs' IIED claim against Armwood are **DISMISSED**

**WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs have fifteen (15) days from the date of this

Order and Reasons to file an amended complaint addressing the deficiencies in the complaint.[59]

New Orleans, Louisiana, this 20th day of March 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[58] *Tolis v. Shields*, 96-0668, p. 4 (La. App. 4 Cir. 11/20/1996), 684 So. 2d 523, 525.
[59] Plaintiffs may not reallege any claims that have been dismissed with prejudice.