UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHEILA ROGERS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5303 |
| ORLEANS PARISH SHERIFF OFFICE, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Sheila Rogers' Motion to Quash Rule 45 subpoenas and for a Protective Order.  ECF No. 45.  Defendant Susan Hutson filed a timely Opposition Memorandum. ECF Nos 58.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Quash Rule 45 subpoenas and for a Protective Order is DENIED WITHOUT PREJUDICE for the reasons stated herein.

**I.     BACKGROUND**

Plaintiff Sheila Rogers is a former employee of the Orleans Parish Sherriff's Office ("OPSO").  ECF No. 41.  She alleges she began her employment in 2015, at which time she informed OPSO of her disability—an eye disease that causes blurred vision and sensitivity to light and glare—that required certain accommodations, which OPSO accommodated until Rogers was assigned a new supervisor (Latoya Armwood) in 2020.  *Id.* at 4-5 (¶¶ 2-7) .  Rogers alleges that, while under Armstrong's supervision, she faced disability discrimination, unwarranted reprimands, retaliation, intimidation, and a hostile working environment.  *See id.* at 5-8 (¶¶ 8-32).

Rogers and her husband originally filed this action against Armwood and OPSO, asserting claims under (a) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. (Counts

1

I, II, and III); (b) Louisiana employment discrimination law ("LEDL"), La. Rev. Stat. § 23:323, *et seq*. (Count IV); (c) Louisiana whistleblower law, La. Rev. Stat. § 23:967, *et seq*. (Count V); and (d) Louisiana tort law for intentional infliction of emotional distress ("IIED") and for vicarious liability (Counts VI, VII).  ECF No. 1 at 10-16.  After considering OPSO and Armwood's motions to dismiss,[1] Judge Darrel Papillion dismissed with prejudice the claims against OPSO because it lacked the capacity to be sued and dismissed with and without prejudice claims against Armwood, but Judge Papillion allowed Rogers leave to file an amended complaint.  ECF No. 37.

Rogers filed a substantially similar amended complaint but substituted Sheriff Susan Hutson in her official capacity as a defendant in place of OPSO and added additional factual allegations to support Rogers' IIED claim.  *See* ECF No. 41.  Sheriff Hutson and Armstrong then moved for, among other things, dismissal of Rogers' IIED claim, which Judge Papillion granted, leaving only the claims against Sheriff Hutson.  ECF No. 46.

Hutson's February 24, 2025, discovery requests included a request for an executed authorization to obtain Rogers' employment records from her other employers.  ECF Nos. 54-4, 58-1 at 26 (RFP No. 14).  After expiration of the thirty-day response period, on April 2, 2025, Rogers requested an additional 30 days to respond, and Hutson agreed but asserted that any objection were waived.  ECF Nos. 54-5, 54-6.  On May 2, 2025, Rogers served her responses. ECF No. 58-1.

On July 23 and 30, 2025, Defendant issued Rule 45 subpoenas duces tecum to a subsequent former employer of Rogers,[2] requesting production of:

> A full and complete copy of any and all employment records in [its] possession or control regarding the employment of  Sheila Rogers [ ], including but not limited to her application, resume/CV, interview records, personnel file, e-mail

---

[1] ECF Nos. 8, 22.
[2] *See* ECF Nos. 54-9 at 1, 54-10 at 2; *see also* ECF No. 58-1 at 9-10 (Rogers' response to Hutson's Interrogatory No. 9, identifying, among others, the Mississippi Division of Medicaid as an employer of hers since resigning from OPSO).

> and attachments during recruitment, any performance-related documents or evaluations, compensation and benefits, documents/plans (salary, bonus, incentives, commission, etc.) coachings, disciplinary actions, investigations, or complaints.

ECF Nos. 54-9 at 5, 54-10 at 5.[3] After the first return date, Rogers filed this Motion to Quash Rule 45 subpoenas and for a Protective Order and an *ex parte* motion for expedited consideration. ECF Nos. 54, 55. The Court held a conference on August 11, 2025, to address the expedited hearing request, during which defense counsel explained that the first subpoena was withdrawn as defective and that the subpoenaed party had raised objections to the second subpoena, thus suspending any return date. ECF No. 57; *see* FED. R. CIV. P. 45(d)(2)(B).

## II. THE PENDING MOTION

Rogers now asks the Court to quash the subpoenas pursuant to Rule 45(d) or, alternatively, enter a Rule 26(c) protective order prohibiting disclosure of the subpoenaed information, as the requests are irrelevant, overly broad, and disproportionate to the needs of the case and intrude on her privacy interest. ECF Nos. 54 at 1-2, 54-1 at 12. She first argues Defendant did not meet and confer in accordance with Rule 37(a)(1) before issuing the subpoenas. ECF No. 54-1 at 3. She then contends that she has a privacy interest in her employment records. *Id.* at 5. If the documents are produced, her reputation in law enforcement and employment prospects are put at risk by the subpoenas. *Id.* at 5, 8. Rogers argues her records from former employers are irrelevant because her prior employment has no bearing on whether Sheriff Hutson violated federal disability laws or created a hostile work environment. *Id.* at 7, 10-11. Further, the subpoenas are overly broad as they seek her entire employment file and may contain documents unrelated to the case. *Id.*

---

[3] The July 23rd subpoena has an August 8, 2025, response deadline, while the July 30th subpoena has an August 15, 2025, response deadline. ECF Nos. 54-9 at 2, 54-10 at 2.

In Opposition, Hutson first notes that she is "agreeable to the entry of an appropriate protective order." ECF No. 58 at 1. Hutson then argues that she was under no obligation to meet and confer before issuing the subpoenas, and she appears to argue that Rogers has waived any relevance objections by not asserting timely objections to her discovery requests. *See id.* at 4-5. Hutson argues that courts have repeatedly denied motions to quash subpoenas for employment records and contends the documents are relevant for three issues: (1) application materials, payroll records, and documents establishing whether Rogers is still employed are relevant to mitigation; (2) requests for accommodation are relevant to her disability and need for accommodation; and (3) disciplinary records, performance reviews, and any complaints made by Rogers are relevant to her state of mind and credibility with respect to her allegation that an unwarranted reprimand was improper or discriminatory. *Id.* at 5-6. Hutson also argues Rogers has not shown good cause for a protective order because she has only alleged a generalized privacy interest. *Id.* at 7.

### III.   APPLICABLE LAW

#### A. Scope of Discovery

Rule 26 authorizes the parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Information is relevant if it bears on, or reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.[4] If relevance is

---

[4] *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)).

4

in doubt, a court should allow discovery.[5]

Rule 26(b)(2)(C) mandates that the court limit the frequency or extent of discovery otherwise allowed, if it determines: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery had ample opportunity to obtain the information; or (iii) the proposed discovery is outside the scope of Rule 26(b)(1).

B. **Motion to Quash**

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. A non-party served with a subpoena duces tecum may object by sending written objections to the issuing party within 14 days of service or before the return date, whichever is earlier. FED. R. CIV. P. 45(d)(2)(B). If the non-party timely provides written objections, it has satisfied its obligations. The serving party may then file a motion to compel seeking compliance. FED. R. CIV. P. 45(d)(2)(B)(i).

Although governed in the first instance by Rule 45, non-party subpoenas are also subject to the parameters of Rule 26.[6] "Both Rules 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discovery or otherwise violates the parameters of Rule 45."[7] The person filing the motion to quash bears the burden of proof to

---

[5] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).
[6] *In re Application of Time, Inc.*, No. 99-2916, 1999 WL 804090, at *7 (E.D. La. Oct. 6, 1999) (citations omitted), *aff'd*, 209 F.3d 719 (5th Cir. 2000); *see also Zamora v. GC Servs., LP*, No. 15-48, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017) (citing *Chamberlain v. Farmington Sav. Bank*, No. 06-1437, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) (citing, *inter alia*, FED. R. CIV. P. 45 advisory committee's notes to 1970 amendment (stating "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"))); *Romac Env't Servs., LLC v. Wildcat Fluids, LLC*, No. 20-581, 2022 WL 1924106, at *4 (W.D. La. June 3, 2022).
[7] *Hahn v. Hunt*, No. 15-2867, 2016 WL 1587405, at *2 (E.D. La. Apr. 20, 2016) (citing FED. R. CIV. P. 45(d)(3); 26(c)(1)(D)), *aff'd*, No. 15-2867, 2016 WL 6518863 (E.D. La. Nov. 2, 2016).

demonstrate that compliance would impose undue burden or expense.[8] To determine whether the subpoena presents an undue burden, the Fifth Circuit considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.[9] "Whether a burdensome subpoena is reasonable 'must be determined according to the facts of the case,' such as the party's need for the documents and the nature and importance of the litigation."[10] "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."[11] Modification of a subpoena is preferable to quashing it.[12]

### C. Standing to Quash/Modify a Subpoena

To quash a subpoena duces tecum issued to a non-party, the movant must first have standing, meaning the movant must: (1) be in possession or control of the requested material; (2) be the person to whom the subpoena is issued; or (3) have an alleged personal right or privilege in the subject matter of the subpoena.[13] Courts, including courts in the Fifth Circuit, have held that an

---

[8] *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citation omitted); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (citation omitted) (finding party resisting discovery must show why each discovery request is not relevant or otherwise objectionable).
[9] *Wiwa*, 392 F.3d at 818 (internal citations omitted).
[10] *Id.* (citation omitted).
[11] *Id.* (citation omitted).
[12] *Id.*; *Tiberi v. CIGNA, Ins. Co.*, 40 F.3d 110, 112 (5th Cir. 1994); *see also Linder v. Nat'l Sec. Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996) ("[M]odification of a subpoena is generally preferred to outright quashing . . . .") (citation omitted).
[13] *Black v. DMNO, LLC*, No. 16-2708, 2018 WL 488991, at *2 (E.D. La. Jan. 19, 2018) (citing *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Johnson v. Mixon*, No. 13-2629, 2014 WL 1764750, at *4 (E.D. La. May 2, 2014)); *McHugh v. St. Tammany Par.*, No. 24-1300, 2024 WL 3617535, at *10 (E.D. La. Aug. 1, 2024) (Long, J.) ("A party has standing to move to quash a subpoena issued to a third party if the party '*allege[s]* any personal right or privilege with respect to the materials subpoenaed'; the party's claim of a personal right or privilege need not ultimately prevail in order for the party to have standing to move to quash." (quoting *Brown*, 595 F.2d at 966); and citing *Burkette v. E. Feliciana Par. Sheriff*, 606 F. Supp. 3d 297, 303 n.26 (M.D. La. 2022))); *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) (citation omitted) ("Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45."); *see also Weatherly v. State Farm Fire & Cas. Ins. Co.*, No. 07-4371, 2009 WL 1507353, at *2 (E.D. La. May 28, 2009) (holding that defendant did not have standing to challenge the subpoena where it had no privilege over the documents); *Guzman v. Latin Am. Ent., LLC*, No. 13-41, 2014 WL 12599345, at *1 (S.D. Tex. July 2, 2014) (citing *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 18–19 (D.

employee has a personal right to her employment records and therefore has standing as a party to challenge a non-party subpoena for them.[14]

However, a party cannot quash a non-party subpoena on the basis that the subpoena is overly broad or seeks irrelevant information, even if the party has standing via a personal right or privilege,[15] because only the respondent can object and seek to quash a Rule 45 subpoena on those grounds.[16] That party does have standing to challenge the subpoena as overly broad or seeks irrelevant information via a motion for a protective order under Rule 26(c).[17] Also, because the scope of discovery through a Rule 45 subpoena is governed by Rule 26(b),[18] and the court must "on its own" limit the frequency or extent of discovery if it determines the proposed discovery "is

---

Maine 2010) ("The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.")); *Frazier v. RadioShack Corp.*, No. 10-855, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012) (citations omitted) ("As an initial matter, it should be noted that a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights . . . that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object and seek to quash a Rule 45 subpoena on those grounds.").

[14] *See Zamora*, 2017 WL 1861843, at *4 (quoting *Garcia v. Pro. Servs., Inc.*, No. 15-585, 2017 WL 187577, at *1 (W.D. Tex. Jan. 17, 2017); and citing *Singletary v. Sterling Transp. Co.*, 289 F.R.D. 237, 239 (E.D. Va. 2012) ("[N]umerous courts from within a wide variety of circuits have approved" that "a party possesses a personal right in the information contained in employment records sufficient to confer standing." (listing illustrative cases)); *Gehring v. Case Corp.*, 43 F.3d 340, 342 (7th Cir. 1994) (stating that turning over personnel files would invade privacy of employees)); *Rice v. Reliastar Life Ins. Co.*, No. 11-44, 2011 WL 5513181, at *1 (M.D. La. Nov. 10, 2011); *MC Trilogy Tex. v. City of Heath*, No. 22-2154, 2023 WL 7190652, at *3 (N.D. Tex. Nov. 1, 2023) ("[A] party may establish a 'personal right' to subpoenaed materials in limited circumstances, including when a subpoena seeks to discover . . . employment records . . . ." (citing *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (citing cases))).

[15] *MC Trilogy Tex., LLC v. City of Heath*, No. 22-2154, 2023 WL 7004442, at *3 (N.D. Tex. Oct. 24, 2023) (citing *Steel Dust Recycling, LLC v. Robinson*, No. 19-2818, 2023 WL 4946533, at *4 (S.D. Tex. Mar. 30, 2023)).

[16] *Salmon v. Waffle House, Inc.*, No. 19-1349, 2020 WL 6708382, at *2 (E.D. La. Nov. 16, 2020) (citing *Frazier*, 2012 WL 832285, at *1).

[17] *Bounds*, 314 F.R.D. at 218; *Humphries v. Progressive Corp.*, No. 20-548, 2022 WL 1018404, at *2 (N.D. Tex. Apr. 5, 2022); *Singletary*, 289 F.R.D. at 240 n.2 (citing cases); *Artis v. Murphy-Brown LLC*, No. 14-237, 2018 WL 3352639, at *2 (E.D.N.C. July 8, 2018) (citing *Brown v. Mountainview Cutters, LLC*, No. 15-204, 2016 WL 3045349, at *2 (W.D. Va. May 27, 2016) ("[E]ven if the court could find that [the movant] did not have standing to quash the subpoenas under Rule 45 of the Federal Rules of Civil Procedure, she would still have standing under Rule 26 to challenge the subpoenas as irrelevant and overbroad.")).

[18] *Zamora*, 2017 WL 1861843, at *3 (citing *Chamberlain*, 2007 WL 2786421, at *1 (citing, *inter alia*, FED. R. CIV. P. 45 advisory committee's notes to 1970 amendment (stating "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"))); *Romac Env't Servs.*, 2022 WL 1924106, at *4.

outside the scope permitted by Rule 26(b)(1),"[19] the court must quash a non-party subpoena duces tecum that is overly broad or seeks irrelevant information.[20]

### D. Standard for Protective Order

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[21] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[22] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[23] And, "under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable," including "on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order."[24]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. FED. R. CIV. P. 26(c)(1)(D). A district court may exercise its sound discretion in determining how far to restrict

---

[19] FED. R. CIV. P. 26(b)(C)(iii).
[20] *See Zamora*, 2017 WL 1861843, at *3 ("[W]hile 'Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena[,] . . . the [c]ourt must review . . . subpoena duces tecum under the relevancy standards set forth in Rule 26(b).'" (quoting *HDSherer LLC v. Nat'l Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013))); *Singletary*, 289 F.R.D. at 241 ("Thus, regardless of whether the Court considers Plaintiff's Motion under Rule 45 or Rule 26, the Court must review Defendant's subpoenas under the relevancy standards set forth in Rule 26(b).").
[21] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).
[22] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[23] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
[24] *Humphries*, 2022 WL 1018404, at *2 (quoting *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017)).

discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[25] The trial court enjoys wide discretion in setting the parameters of a protective order.[26]

### E. Rule 26(c)(1) Certification

A motion for a protective order pursuant to Rule 26(c)(1) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." These requirements are the same as that of Rule 37(a)(1).[27] Conference requirements are no "empty formality":[28]

> Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion.[29]

Courts retain discretion to waive strict compliance with Rule 26(c)(1) and generally do so when a conference would be a "waste of time" or when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties dispute."[30] While Rule 45 does not require certification that parties (and non-parties) have met and conferred before filing a motion

---

[25] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[26] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[27] FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also Riverbend Env't Servs., LLC v. Crum & Foster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023) ("Both [Rule] 26(c)(1) and [Rule] 37(a)(1) require a certification of good faith."); *Prince v. Transportes Zuazua LLC*, No. 17-21, 2018 WL 2985910 (S.D. Tex. Apr. 6, 2018) (noting meet-and-confer certification required for a Rule 26(c)(1) motion is the "same" required for a Rule 37 motion to compel); *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015); *Baxter v. Louisiana*, No. 21-555, 2022 WL 1509118, at *2 n.11 (M.D. La. May 12, 2022).
[28] *Riverbend*, 2023 WL 2563228, *3.
[29] *Bridges*, 2015 WL 11121361, at *3 (internal quotations and citations omitted).
[30] *Id.* at *5 (quoting *Pulsecard, Inc v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 302 (D. Kan. 1996); *Vinewood Cap., L.L.C. v. Al Islami*, No. 06-316, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006); *Obregon v. Melton*, No. 02-1009, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002)).

to quash, when such a motion is filed in conjunction with a Rule 26(c)(1) motion, the movant is required to meet and confer and provide the necessary certification.[31]

## IV. ANALYSIS

Contrary to Rogers' contention, Hutson is not required to meet and confer before issuing a subpoenas duces tecum.[32] Rather, a party issuing a subpoena need only serve notice and a copy of the subpoena on the other party before service upon the person to whom the subpoena is directed. FED. R. CIV. P. 45(a)(4). In contrast, however, because Rogers has filed a motion for a protective order in conjunction with her motion to quash, she is required to comply with Rule 26(c)(1)'s meet-and-confer and certification requirements.[33] Rogers has failed to provide the requisite pre-filing certification, and it does not appear she attempted to confer with Hutson at any point between the issuance of the first subpoena and the filing of this motion.[34] The failure to engage in a fulsome meet and confer prior to filing a motion constitutes sufficient reason in itself to deny the motion.[35] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[36]

---

[31] *UMB Bank, N.A. v. Sanofi*, No. 15-8725, 2017 WL 3738457, at *1 n.1 (S.D.N.Y. Aug. 10, 2017); *accord. 4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 21-1081, 2022 WL 1359827, *2 (D. Nev. Feb. 8, 2022) (denying party's motion to quash non-party subpoena or for a protective order because the party did not properly meet and confer).
[32] *See Noatex Corp. v. King Constr. of Hous., LLC*, 864 F. Supp. 2d 478, 491 (N.D. Miss. 2012); *see also Shi v. Cent. Ariz. Coll.*, No. 08-80131, 2008 WL 4001795, at *1 n.1 (N.D. Cal. Aug. 27, 2008); *Spencer v. Greenwald*, No. 20-440, 2022 WL 2180052, at *4 (D. Idaho June 15, 2022); *cf. Brown & Root Indus. Servs. v. Brown*, No. 21-291, 2023 WL 3480882, at *2 (M.D. La. May 16, 2023) ("[T]he meet and confer requirement of Rule 37 do not apply to motions brought pursuant to Rule 45 (citing cases)).
[33] *See Hardy v. Scandinavian Airline Sys.*, No. 21-1591, 2025 WL 416106, at *8 (E.D. La. Feb. 6, 2025) (citing *Sanofi*, 2017 WL 3738457, at *1 n.1).
[34] *See* ECF No. 58 at 3.
[35] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention).
[36] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

Many of the issues raised in this motion could have, and should have, been resolved by the parties after a good faith meet-and-confer, without the need for court intervention.[37] For instance, courts routinely address a plaintiff's privacy or reputational concerns incident to a release of employment records via a protective order limiting the use and disclosure of the documents to purposes of the litigation only.[38] Likewise, with respect to personnel files, the court must balance the competing interests of discovery and privacy in a considered manner with regard for the breadth of the federal discovery rules.[39] Personnel files often contain tax records, drug tests results, and other such personal, sensitive material.[40] In light of these concerns, courts typically require that a party requesting employment information specify the needed requests with particularity[41] rather than allowing a blanket request for complete personnel files, which no doubt contain private or personal information of no relevance to any claim or defense.[42]

With this guidance, the parties are directed to meet and confer regarding the discovery sought. If, after a fulsome conference, the parties are then unable to reach an agreement as to the protections governing any produced documents and the proper scope of the request for

---

[37] *See* ECF No. 58 at 1 (indicating Defendant is agreeable to the entry of an appropriate protective order).
[38] *See, e.g.*, *Clark v. Schlumberger Tech. Corp.*, No. 18-93, 2019 WL 13253888, at *2-3 (W.D. Tex. Sept. 18, 2019); *Cunningham v. Concentrix Sols. Corp.*, No. 20-661, 2021 WL 425099, at *3 (E.D. Tex. Feb. 8, 2021); *Rice*, 2011 WL 5513181, at *2-3, *5. A sample order of the undersigned is available on the court's website. *See The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited August 22, 2025) ("Sample Documents").
[39] *In re Gulf Inland Contractors, Inc.*, No. 22-2453, 2023 WL 11884364, at *3 (E.D. La. Sept. 25, 2023) (citing *George v. Entergy Servs., Inc.*, No. 09-3676, 2010 WL 3802452, at *4 (E.D. La. Sept. 17, 2010)); *see also Dufrene v. Am. Tugs, Inc.*, No. 18-554, 2018 WL 6448838, at *9 (E.D. La. Dec. 10, 2018) (stating that "personnel files have a specific discovery test in the Fifth Circuit for a reason: They are special").
[40] *Dufrene*, 2018 WL 6448838, at *9 ("The privacy concerns implicated by a personnel file are distinct from those presented by a custodial file, because they are far more likely to contain personal, sensitive material") (citing *Williams v. Roy O. Martin Lumber Co. L.L.C.*, 51 F. App'x 483, 2002 WL 31319337, at *6 (5th Cir. 2002) (noting that "alimony and child support garnishment, tax records, and drug test results" may be found in a personnel file)).
[41] *Gulf Inland Contractors*, 2023 WL 11884364, at *3 (citing *Dufrene*, 2018 WL 6448838, at *9).
[42] *See Hamm v. Acadia Healthcare Co.*, No. 20-1515, 2023 WL 8237270, at *7 (E.D. La. Nov. 28, 2023) (finding that Plaintiff's request for the complete personnel file of each and every supervisory employee "far exceeds the ultimate and necessary boundaries of discovery"); *Canon U.S.A., Inc. v. S.A.M., Inc.*, No. 07-01201, 2008 WL 11350298, at *8 (E.D. La. June 19, 2008) ("In seeking the contents of [employee's] employment file, the Court notes that [defendant] attempts to engage in a fishing expedition.").

employment records, the parties may then file a proper motion. At this time, however, the request for court intervention is premature.

## V.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Quash Rule 45 subpoenas and for a Protective Order (ECF No. 54) is DENIED WITHOUT PREJUDICE for the reasons stated herein.

New Orleans, Louisiana, this ___27th___ day of August, 2025.

DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE