UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHEILA ROGERS, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 22-5303 |
| ORLEANS PARISH SHERIFF OFFICE, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Before me on an expedited basis is Defendant Susan Hutson's Motion for Protective Order relating to the scheduled July 8, 2026, Rule 30(b)(6) Deposition.  ECF Nos. 96, 100-01.  Plaintiff Sheila Rogers filed a timely Opposition Memorandum, and Defendant filed a timely Reply.  ECF Nos 102, 103.  The Court previously held oral argument on a related motion, during which this motion was also discussed.  ECF No. 101.  The Court finds further oral argument unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant Susan Hutson's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Sheila Rogers is a former Orleans Parish Sherriff's Office ("OPSO") employee who filed this suit alleging disability discrimination, unwarranted reprimands, retaliation, intimidation, and a hostile working environment.  ECF No. 41 at 5-8 (¶¶ 8-32).  Plaintiff asserts that she informed OPSO of her disability (i.e., an eye disease that causes blurred vision and sensitivity to light and glare) when she began employment in 2015 and requested certain accommodations, which OPSO granted until a new supervisor (Latoya Armwood) arrived in 2020. *Id.* at 4-5 (¶¶ 2-7).

Plaintiff issued a Rule 30(b)(6) Notice of Deposition on June 9, 2026, setting OPSO's Rule

1

30(b)(6) deposition for June 23, 2026.  ECF No. 87-7.  Defendant filed her first Motion for Protective Order seeking to limit certain topics in that notice on June 19, 2026, with a submission date of July 7, 2026.  ECF No. 87.  In the interim, Plaintiff unilaterally cancelled the June 23, 2026, deposition based on the stated need to review additional documents she received shortly before same.  ECF No. 90 at 1-2; No. 92 at 1-3.  She then moved to continue the first Motion for Protective Order's submission date and to expedite consideration of her motion.  ECF Nos. 89-90.  The undersigned granted expedited consideration and held a  hearing on Plaintiff's Motion to Continue. ECF Nos. 91, 93.  Given the pending July 9, 2026, discovery deadline, the Court denied the motion and provided guidance to assist the parties in resolution of their disputed topics.  ECF No. 93; *see* ECF No. 83.

Plaintiff issued a new Rule 30(b)(6) notice on June 30, 2026, which mooted Defendant's first Motion for Protective Order.  ECF Nos. 96-2, 101.  Defendant filed her second Motion for Protective Order and requested expedited consideration.  ECF Nos. 96-97.  The Court granted expedited hearing, allowed the parties an opportunity to submit memoranda, and scheduled the second motion for submission on July 6, 2026.  ECF Nos. 100-01.

## II.   THE PENDING MOTION

Setting aside the unnecessary finger-pointing and attacks against one another in the Memoranda, Defendant's motion raises four objections to the revised Rule 30(b)(6) notice: (1) Plaintiff includes a prefatory date range of 2015 (when Plaintiff began employment) to date (despite Plaintiff's employment having terminated in 2022); (2) she uses the term "similarly situated employees" in Topics 15 and 28, which calls for a legal conclusion; (3) she seeks discovery regarding any type of alleged discrimination in Topic 18 rather than disability-based discrimination, which is the only alleged basis of discrimination in this case, and anything related

to her "employment" in Topic 29 rather than any particular employment matter; and (4) she seeks knowledge of facts and categories of documents and other evidence to support any asserted defense, including the basis for same, in Topic 31.  ECF No. 96; ECF No. 96-1 at 18-24 (asserting the time period should be limited to a 1- to 5-year period rather than Plaintiff's proposed 11-year period (2015-2026); information regarding similarly situated employees requires the deponent to provide a legal opinion; only disability-based claims should be explored rather than any form of alleged discrimination; and preparation for any communications regarding "employment" as well as the basis of any defense are far too broad).

In Opposition, Plaintiff argues that Defendant has failed to make the particularized demonstration required to obtain a protective order, and the Court has discretion to authorize discovery for the 11-year period sought.  ECF No. 102 at 1, 8-10.  Plaintiff contends that it is proper to require testimony regarding similarly situated employees, and a plaintiff is entitled to obtain information regarding any form of discrimination, not only disability discrimination information relating to a particular plaintiff.  *Id.* at 11-13.  Plaintiff also asserts that the term "employment" and information regarding all defenses fairly falls within Rule 30(b)(6).  *Id.* at 13-14.

In Reply, Defendant argues that  Plaintiff has not justified the time period requested, cannot explain why complaints of other employees on other bases of discrimination against other supervisors would be relevant, and fails to recognize topics seeking information as to all communication or every defense are grossly overbroad.  ECF No. 103 at 3-8.

III.   **APPLICABLE LAW AND ANALYSIS**

In light of the burden placed on the corporate deponent by Rule 30(b)(6), it preliminarily imposes on the party noticing the deposition a duty to identify with reasonable particularity the

3

specific categories or topics for inquiry.[1] This enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[2] Otherwise, an overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task because, if the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[3]

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.[4] Courts have not "hesitated to issue protective orders when [an entity is] asked to respond to overly broad or unfocused Rule 30(b)(6) deposition notices,"[5] rejecting the assertion that the rule authorizes "burdening the responding party with production and preparation of a witness on

---

[1] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (citing FED. R. CIV. P. 30(b)(6)).

[2] *Id.* at *4 (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.,* No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

[3] *Pauls,* 2016 WL 6397564, at *4 (citation omitted).

[4] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4936734, at *2 (E.D. La. Aug. 11, 2008) (citing FED. R. CIV. P. 26(b)(1) advisory committee's note to 2000 amendment); *cf. TV Interactive Data Corp. v. Sony Corp.*, No. 10-475, 2012 WL 1413368, at *2 (N.D. Cal. Apr. 23, 2012) (stating court should consider whether, based on the facts of each case, contention interrogatories are a more appropriate discovery tool than a 30(b)(6) deposition (citing *Exxon Research & Eng'g Co. v. United States*, 44 Fed. Cl. 597, 601-02 (1999); *United States v. Taylor*, 166 F.R.D. 356, 362 n.7 (M.D.N.C. 1996) (holding that contention interrogatories were more appropriate than a 30(b)(6) deposition for discovery in a patent case)).

[5] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2008); *see also In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms v. Helena Chem. Co.*, No. 11-00105, 2012 WL 169889, at *1 (E.D. Ark. Jan. 19, 2012) (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible.").

every facet of the litigation."[6]  Courts often limit a Rule 30(b)(6) deposition notice to the extent it

requests the organization to designate an agent to testify on topics of information that are overly

broad, vague, or ambiguous.[7]  Indeed, even if a movant fails to make the specific and particularized

showing normally required by Rule 26(c),[8] the court may nevertheless determine whether a request

is overbroad or unduly burdensome on its face and act accordingly.[9]

### 1. **Temporal Scope**

The parties dispute the applicable time period for several requests.  Plaintiff began

employment in 2015 and left OPSO in February 2022.  Plaintiff seeks information from 2015

through date while OPSO seeks to restrict the period to 2021-2022.

Discovery of information both before and after the liability period in an employment

discrimination suit may be relevant.[10]  Courts balance the potential relevance of such information

against the burden to the employer and commonly extend the scope of discovery to a reasonable

---

[6] *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000) ("An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task."); *Acton v. Target Corp.*, No. 08-1149, 2009 WL 5214419, at *4 (W.D. Wash. Dec. 22, 2009) (finding it not possible to properly prepare one or more deponents to testify on 96 noticed topics without undue burden and expense).

[7] *Dean v. Shell Pipeline Co.*, No. 19-137, 2020 WL 2813521, at *3 (M.D. La. May 29, 2020) (citing *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at 3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized)).

[8] *See E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

[9] *See* FED. R. CIV. P. 26(b)(2)(C)(iii); *Rotstain v. Trustmark Nat'l Bank*, No. 09-2384, 2020 WL 12968651, at *8 n.9 (N.D. Tex. Mar. 10, 2020) (citing *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003); *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661 (D. Kan. 2004) (finding that the party resisting discovery has the burden to support its overbreadth objection "[u]nless an interrogatory is overly broad on its face"); *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 53 (N.D. Tex. Dec. 3, 2015) (holding subpoena duces tecum was overly broad on its face)); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. 21-1132, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) (stating "[a] party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." (quoting *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197 (D. Kan. 1996)); *Kleppinger v. Tex. Dep't of Transp.*, No. 10-124, 2012 WL 12893651, at *1 (S.D. Tex. Mar. 4, 2012).

[10] *Mullenix v. Univ. of Tex. at Austin*, No. 19-1203, 2021 WL 1647760, at *4 (W.D. Tex. Apr. 26, 2021) (citing *Beasley v. First Am. Real Est. Info. Servs., Inc.*, No. 04-1059, 2005 WL 1017818, at *1 (N.D. Tex. Apr. 27, 2005)).

number of years both before and after such a liability period.[11]  There is no set formula to determine how many years of information is reasonable, with that determination left to the court's discretion.[12]  That said and recognizing that the relevant time frame is case-specific, courts generally limit the discovery period to two- to five-years before the liability period.[13]

In this case, balancing the potential relevance of information against the burden to the employer, a reasonable time period is January 2017 through December 2022.

2.  **The Notice is Modified to Define "Similarly Situated" for Purposes of the Deposition**

A plaintiff asserting an ADA claim may either present direct or circumstantial evidence of discrimination based on her disability.[14]  To show disparate treatment in a circumstantial evidence case, the plaintiff must show her employer treated her worse "than "similarly situated" employees (the comparator) that are not members of her protected class "under nearly identical circumstances."[15]  The Fifth Circuit has defined similarly situated comparators as other employees

---

[11] *Id.* (citing same).

[12] *Browning v. Sw. Rsch. Inst.*, No. 05-245, 2006 WL 8434146, at *1 (W.D. Tex. Apr. 26, 2006) (citing *Breon v. Coca–Cola Bottling Co. of New England*, 232 F.R.D. 49, 50 (D. Conn. 2005)); *see Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009) (citing *Scott v. Monsanto, Co.*, 868 F.2d 786, 793 (5th Cir. 1989) "A trial court enjoys wide discretion in determining the scope and effect of discovery . . . [i]t is, in fact, unusual to find an abuse of discretion in discovery matters.")); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[13] *Mullenix*, 2021 WL 1647760, at *4 (citing *Hernandez v. Clearwater Transp., Ltd.*, No. 18-319, 2021 WL 148053, at *3 (W.D. Tex. Jan. 15, 2021) (finding that a four year discovery period before the discriminatory incident was reasonable); *Bell v. Hercules Liftboat Co.*, No. 11-332, 2011 WL 6140680, at *1 (M.D. La. Dec. 9, 2011) (holding that plaintiff's discovery requests were "plainly overly broad" where there was no time limitation and concluding that discovery period of three years before the discrimination was reasonable); *Beasley*, 2005 WL 1017818, at *1 (permitting two-year discovery period); *Marchese v. Sec'y, Dep't of the Interior*, No. 03-3082, 2004 WL 2297465, at *2 (E.D. La. Oct. 12, 2004) (permitting three-year discovery period)).

[14] ; *Mueck v. La Grange Acquisitions, L.P.*, 75 F.4th 469, 483 (5th Cir. 2023) (quoting *EEOC v. LHC Grp., Inc.*, 733 F.3d 688, 694 (5th Cir. 2014) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973))); *see also Cardiel v. Apache Corp.*, 559 F. App'x 284, 288 (5th Cir. 2014).

[15] *Cardiel*, 559 F. App'x at 288 (citing *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009)); *see Mueck*, 75 F.4th at 484 ("Mueck contends that he has [established a pretext] by providing evidence of disparate treatment—that is, evidence showing that he was treated differently, and worse, than non-disabled employees.").

outside of plaintiff's protect class with the same job or responsibilities, share the same supervisor or had their employment status determined by the same person, and have comparable histories.[16]

Accordingly, the Notice of Deposition will be modified to include this definition of "similarly situated employees:

> "Similarly situated" is defined to mean any other employee with the same job or responsibilities who shares the same supervisor or had their employment status determined by the same person as Plaintiff.

This definition applies to Topics 15 and 28 or elsewhere, and it obviates any need for Defendant to draw a legal conclusion. Rather, it now allows Defendant to address any other employee with the same job or responsibilities who reports to the same supervisor or had his or her employment status determined by the same superior, which are fact-based determinations that do not require the deponent to make any legal assessments.

### 3.  <u>Prior Complaints/Claims of Harassment/Discrimination/Retaliation (Nos. 18 ~~and 23~~)</u>

An employee may show pretext based on the employer's treatment of the complainant during her employment, as well as the employer's policy and practice as to others in the protected class.[17] But a plaintiff does not have an "unlimited ability to delve into [her] employer['s] policy and personnel records," even when she has alleged a pattern of discrimination.[18] Although the court has broad discretion to allow discovery, courts recognize that information concerning other

---

[16] *See West v. City of Houston*, 960 F.3d 736, 740 (5th Cir. 2020) (per curiam) (quoting *Lee*, 574 F.3d 253, 260); *see also Landry v. Leesville Rehabilitation Hosp., L.L.C.*, No. 21-30423, 2022 WL 358168, at *4 (5th Cir. Feb. 7, 2022) (quoting *Rogers v. Pearland Indep. Sch. Dist.*, 827 F.3d 403, 410 (5th Cir. 2016) (quoting *Lee*, 574 F.3d at 259)); *Drechsel v. Liberty Mut. Ins. Co.*, 695 F. App'x 793, 796 (5th Cir. 2017) (quoting *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012) (quoting *Lee*, 574 F.3d at 260)).

[17] *Gillum v. ICF Emergency Mgmt. Servs., L.L.C.*, No. 08-314, 2009 WL 2136269, at *3 (M.D. La. July 16, 2009) (citing *McDonnell Douglas*, 411 U.S. at 804); *see also Marchese*, 2004 WL 2297465, at *2 (citing FED. R. EVID. 404(b) and cases).

[18] *Dooley v. Recreation & Parks Comm'n for Par. of E. Baton Rouge*, No. 08-715, 2009 WL 10678949, at *3 (M.D. La. Nov. 5, 20009) (citing *Franklin v. Living Ctrs.-E., Inc.*, No. 98-3630, 1999 WL 615171, at *2 (E.D. La. Aug. 12, 1999)).

types of discrimination than that alleged goes too far.[19]  A request for information about *all* discrimination actions filed against an employer "sweeps to broadly."[20]

Discovery must be limited to employees who are "similarly situated" to the plaintiff.[21] Thus, discovery of other claims and lawsuits against an employer involving (1) the same form of discrimination, (2) the same department or agency where plaintiff worked, and (3) a reasonable time before and after the discrimination complained of fall within the parameters of Rule 26.[22] Discovery regarding other forms of discrimination (i.e., race, sex, age, etc.) in this disability-discrimination case are neither relevant to any claim or defense nor proportional to the needs of the case.  Accordingly, Topics 18 is revised to read:

> 18.  Prior complaints or claims made by other employees regarding disability-based harassment, disability-based discrimination or retaliation against Lt. Atwood.

---

[19] *See Kelly v. Boeing Petroleum Servs. Inc.*, 61 F.3d at 357-58 (5th Cir. 1995); *see also Marchese*, 2004 WL 2297465, at *2 (E.D. La. Oct. 12, 2004) (quoting *Scale v. J.C. Bradford Co.*, 924 F.2d 901, 906 (6th Cir. 1991) (citing *Trevino*, 701 F.2d at 405)).

[20] *Dooley*, 2009 WL 10678949, at *3 (quoting *Childers v. Slater*, No. 97-853, 1998 WL 429849, at *4-5 (D.D.C. May. 15, 1998)).

[21] *Kleppinger*, 2012 WL 12893651, at *5 (citing *Dooley*, 2009 WL 1939022, at *4 (citing *Krystek v. Univ. of Miss.*, 164 F.3d 251 (5th Cir. 1999)); *Osborn v. Brennan*, No. 18-16, 2018 WL 11471570, at *2 (W.D. Tex. Oct. 26, 2018) ("Courts have . . . describe the scope of discoverable material in [the] context [of employment discrimination] as reaching discrimination complaints filed by employees that are 'similarly situated' to the [p]laintiff." (citing *Gillum*, 2009 WL 2136269, at *6; *Glenn v. Williams*, 209 F.R.D. 279, 281 (D.D.C. 2002))); *see Rubenstein v. Adm'rs of Tulane*, 58 F. Supp. 2d, 702, 708 (E.D. La. 1998) (Lemmon, J.) (finding that discovery regarding possible discrimination of an individual of a different national origin than the plaintiff's would be irrelevant); *Librado v. M.S. Carriers, Inc.*, No. 02-2095, 2003 WL 22768675, at *3 (N.D. Tex. Mar. 10, 2003) (Ramirez, M.J.) (reviewing request for geographic limitations (citing *Chavez v. Daimler Chrysler Corp.*, 206 F.R.D. 615, 622 (S.D. Ind. 2002) (limiting discovery to previous lawsuits by similarly situated employees against defendant at plant where plaintiff and allegedly discriminating supervisor worked); *Lovoi v. Apple One Emp. Servs.*, No. 00-161, 2000 WL 1863522 (E.D. La. Dec. 20, 2000) (limiting discovery request regarding age of individuals hired by employer to offices owned or operated in the state where plaintiff employee worked))); *Dixon v. Ashcroft*, No. 00-309, 2001 WL 1910055 (W.D. Tenn. Nov. 21, 2001) ("A plaintiff's discovery of past charges of discrimination against the same protected class of which he or she is a member could lead to admissible evidence of a predisposition to discriminate against the protect class.").

[22] *Marchese*, 2004 WL 2297465, at *2 (citing *Mitchell v. Nat'l R.R. Passenger Corp.*, 208 F.R.D. 455, 460 (D.D.C. 2002); *Gillum*, 2009 WL 2136269, at *6; *Osborn*, 2018 WL 11471570, at *1 (quoting *Diloreto v. Towers Perrin Forster & Crosby, Inc.*, No. 09-1280, 2010 11619087, at *3 (N.D. Tex. Aug. 20, 2010)); *Kleppinger*, 2012 WL 12893651, at *5 (quoting *Dooley*, 2009 WL 1939022, at *4 (quoting *Childers*, 1998 WL 429849, at *4-5)); *Osborn*, 2018 WL 11471570, at *1 (quoting *Choate v. Potter*, No. 06-2146, 2008 WL 906784, at *2 (N.D. Tex. Apr. 3, 2008)); *Kleppinger*, 2012 WL 12893651, at *4 (quoting same).

This modification ensure that discovery is directed to the same form of discrimination as alleged in this case.

### 4. <u>Specificity and Particularity (Topics 29 and 31)</u>

Initially, "blanket requests for testimony regarding unidentified and broadly classified 'communications' do not meet the Rule 30(b)(6) reasonable particularity standard."[23]  And such overbreadth is compounded by seeking same with omnibus phrases as "relating to" or "pertaining to."[24]  Thus, Topic 29 seeking testimony regarding "[e]mails, memos, incident reports, or other communications," i.e., all communications, "relating to [Plaintiff's] employment, accommodations discipline, complaints, or performance" is too broad.  ECF No. 96-2 at 6.  This topic will be modified to read:

> 29.  Emails, memos, incident reports, or other written communications to or from Mrs. Rogers' superiors relating to her accommodations, discipline, disability-based complaints or performance.

Courts are divided over whether a topic seeking "the basis of" any claim or defense satisfies Rule 30(b)(6)'s reasonable particularity requirement.  Some courts have allowed depositions to proceed with "basis of" topic designations,[25] while others have refused, finding that such

---

[23] *Marti*, 2020 WL 3412748, at *3 (citing cases), *cited with approval in Goodyear Tire & Rubber Co. v. Ceva Logistics Sing., Ltd.*, 348 F.R.D. 54, 72 (E.D. La. 2024).

[24] *Cf. ReSea Project APS*, 2023 WL 3029268, at *3 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 197-98 (D. Kan. 1996); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 575-76 (N.D. Tex. 2018)) (noting in the context of Rule 34(b)(1)(A)'s reasonable particularity requirement).

[25] For cases allowing Rule 30(b)(6) depositions to proceed with "basis of" category designations, see *Marti*, 2020 WL 3412748, at *3 ("[T]o the extent that these topics seeks [sic] testimony regarding the factual bases of [defendant's] answer, amended answer, and any affirmative defenses, [they are] proper."); *Ventron Mgmt. v. Tokio Marine Specialty Ins. Co.*, No. 20-80262, 2020 WL 8614606, at *4 (S.D. Fla. Dec. 21, 2020) (allowing deposition to proceed on factual basis for coverage position and facts supporting affirmative defenses); *Majestic Bldg. Maint., Inc. v. Huntington Bancshares, Inc.*, No. 15-3023, 2018 WL 3358641, *6 (S.D. Ohio July 10, 2018) (holding that plaintiff entitled to facts related to allegations of defendant's claims and defenses, *not* of plaintiff's own claims); *Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of N.M.*, 273 F.R.D. 689, 691-92 (D.N.M. 2011) (holding that Rule 30(b)(6) does not preclude "contention" designations and denying protective order regarding 30(b)(6) topics asking for "complete factual basis for" affirmative defenses and other issues); *E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432-34 (D. Nev. 2006) (denying protective order regarding Rule 30(b)(6) topic regarding the factual bases for position statements and affirmative defenses but requiring modification to exclude "basis of" topics with regard to any affirmative defense that only calls for legal analysis).

designations are not sufficiently particular.[26] As explained by one court in granting a protective

order in response to a designated topic regarding the factual bases for affirmative defenses:

> [I]t is not clear that a 30(b)(6) deposition is the best method for obtaining the information [regarding an affirmative defense]. Rather, it can be argued that contention interrogatories are a better vehicle. The reason is simple—complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a nonlawyer, to answer this type of questions [sic] after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between " facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension. This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers. And drawing the line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult.[27]

---

[26] For cases rejecting "basis of" topic designations as non-compliant with Rule 30(b)(6)'s reasonable particularity requirement, see *Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2831700, at *3 (E.D. La. June 30, 2017) (referring generally to the Plaintiff's RICO statement and its Third Amended Complaint without any distinction as to specific allegations is insufficient to provide reasonably particularized notice such that the deponent can meet its obligation to prepare its representative); *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (notice was not reasonably particular where examination topic read: "correlate with the document requests."); *St. Tammany Par. Hosp. Serv. Dist. No.1 v. Travelers Prop. Cas. Co. of Am.*, No. 07-01065, 2008 WL 11355015, at *3 (E.D. La. Apr. 25, 2008) (designating topic of "all electronic databases" maintained by insurer regarding all insurance claims similar to plaintiff's is unwieldy, overbroad, and amounts to an attempt to engage in a fishing expedition); *see also Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-1294, 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021) (holding that topic failed "reasonably particularity" requirement where it sought "factual bases for the affirmative defenses" because it does not describe any factual matter at all, but instead improperly calls for legal contentions from a lay witness); *Fifth Third Bank v. Westwood Zamias Ltd. P'ship*, No. 18-143, 2019 WL 1383713, at *2 (W.D. Pa. Feb. 6, 2019) (topic regarding "all topics in or related to Plaintiff's Complaint" is overly broad and fails to identify specific topics with particularity); *Howard v. HMK Holdings, LLC*, No. 17-5701, 2018 WL 3642131, at *5 n.8 (C.D. Cal. June 11, 2018) (citation omitted) (asking corporate deponent to make a "law-to-fact application that is beyond the competence of most lay persons," "by memory and on the spot" without the aid of counsel is improper), *aff'd*, 988 F.3d 1185 (9th Cir. 2021); *Dennis v. United States*, No. 16-3148, 2017 WL 4778708, at *10 (N.D. Tex. Oct. 23, 2017) (notice seeking testimony regarding all "facts upon which Defendant bases denials and affirmative defenses stated in its amended answer" is overly broad because it fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts as to which it must prepare its corporate representative to testify); *Club v. BNSF Ry. Co.*, No. 13-0967, 2016 WL 4528452, at *3 (W.D. Wash. Aug. 30, 2016) (granting motion for protective order and rejecting the argument that Defendant is entitled to a factual basis for plaintiff's claims because plaintiff has yet to provide sufficient facts and in relying on the expert reports produced by plaintiff to support its claims, finding 30(b)(6) deposition topic to have been answered by those reports); *Integra Bank Corp. v. Fid. & Deposit Co. of Md.*, No. 11-19, 2014 WL 109105, *3 (S.D. Ind. Jan. 10, 2014) (granting protective order based on failure to satisfy "reasonable particularity" requirement for topics seeking "factual basis" for answers to interrogatories); *TV Interactive Data Corp. v. Sony Corp.*, No. 10-475, 2012 WL 1413368, at *1-3 (N.D. Cal. Apr. 23, 2012) (finding topic too vague since it seeks the production of a corporate witness regarding all facts and contentions for each affirmative defense and counterclaim, but revised request seeking factual basis for laches and estoppel defense was sufficiently particular).

[27] *Fid. Mgmt. & Rsch. Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011).

10

In determining whether a Rule 30(b)(6) notice meets the reasonable particularity requirement, a court should examine the notice in the context of the individual circumstances of the case.

Topic 31 seeks the factual basis for Defendant's 20 asserted defenses in this matter. ECF No. 96-2 at 6; *see* ECF No. 50 at 10-15. This topic does not satisfy the "reasonable particularity" requirement as it would require Defendant to prepare a witness to provide the "factual basis" for all of its affirmative defenses without specifically identifying any particular affirmative defense.[28] Further, a review of the Answer reflects that several defenses involve only legal issues or application of law to facts, which are not appropriate for deposition.

Plaintiff's failure to identify any specific affirmative defense for which she seeks the factual basis renders her topic overly broad and noncompliant with the reasonable particularity requirement of Rule 30(b)(6). Moreover, it fails to exclude any affirmative defense that is strictly legal in nature, which of course would not be a proper topic for inquiry of a fact witness, even under Rule 30(b)(6). Accordingly, Topic 31 is stricken.

## IV.     REQUEST FOR ATTORNEYS' FEES

Defendant requests attorneys' fees incurred in filing this motion, and Plaintiff opposes the request. Neither party was wholly successful on the motion. Therefore, in accordance with Rule 37(a)(5)(C), each party shall bear its own fees in connection with this discovery matter.

## V.     CONCLUSION

Accordingly, for the foregoing reasons,

---

[28] *Cf. In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. at 654 (granting protective order where plaintiff's attempt to discover facts underlying defendant's defenses and counterclaims through a Rule 30(b)(6) deposition was "overbroad, burdensome, and a highly inefficient method through which to obtain otherwise discoverable information."); *RM Dean Farms*, 2012 WL 169889, at *1 (granting protective order where "[t]he 30(b)(6) notice would require [defendant] to produce a corporate representative or corporate representatives to testify on topics so vast in number, so vast in scope, so open ended, and so vague that compliance with the notice would be impossible."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [Rule 30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").

IT IS ORDERED Defendant Susan Hutson's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that the request for attorneys' fees is DENIED pursuant to Rule 37(a)(5)(C).

New Orleans, Louisiana, this _____6th_____ day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE